UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **TRUSTEES OF THE PLUMBERS AND STEAMFITTERS LOCAL 184 SUPPLEMENTAL PENSION PLAN** <br><br> and <br><br> **TRUSTEES OF THE PLUMBERS AND STEAMFITTERS LOCAL UNION NO. 184 EDUCATION AND TRAINING TRUST FUND** <br><br> and <br><br> **UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY LOCAL UNION 184** <br><br>    Plaintiffs, <br><br> v. <br><br> **UNITED MECHANICAL MARINE, LLC** <br><br>    Defendant. | Case No.   5:20-cv-53-TBR |

## COMPLAINT

1.    Plaintiffs, Trustees of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan, and Trustees of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund, are the fiduciaries of employee benefit plans ("the Plans"), and Plaintiff, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 is a labor organization and collective bargaining unit organized in Paducah, Kentucky.  Defendant, United Mechanical Marine, LLC is an employer that is obligated to make

1

contributions to the Plans based upon a contractually agreed hourly rate so that Defendant's employees may participate and receive the employee benefits provided by the Plans. When an employer like United Mechanical Marine, LLC refuses to report and remit contributions to the Plans as contractually required, the benefits provided by the Plans are put at risk. The Trustees of the Plans have a fiduciary duty to attempt to collect all amounts due to the Plans, and therefore must act accordingly. Defendant United Mechanical Marine, LLC has refused, or otherwise failed to make contributions to the Plans as contractually required, and thus this suit is levied.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failure to remit contributions to employee benefit funds. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Western District of Kentucky, Paducah Division.

## PARTIES

4. Plaintiffs, Trustees of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan, ("Pension Plan Trustees") are the fiduciaries of the Plumbers and Steamfitters Local 184 Supplemental Pension Plan ("Pension Plan"), a multiemployer benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan's principal place of business is located in Sumner County, Tennessee at 2001 Caldwell Drive, Goodlettsville, Tennessee 37072.

5. Plaintiffs, Trustees of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund ("Apprenticeship Fund Trustees"), are the fiduciaries of the Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund ("Apprenticeship Fund"), a multiemployer benefit plan and employee welfare benefit plan within the meaning of ERISA §§ 3(1), 29 U.S.C. §§ 1002(1). The Apprenticeship Fund's principal place of business is located in McCracken County, Kentucky at 5820 Benton Road, Paducah, Kentucky 42003.

6. Plaintiff, the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 (the "Union") is a labor organization as defined in 29 U.S.C. § 152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. § 1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7). The Union's principal place of business is located in McCracken County, Kentucky at 1332 Broadway Street, Paducah, Kentucky 42001.

7. Defendant, United Mechanical Marine, LLC ("Defendant"), is a Kentucky limited liability company with its principal place of business located in McCracken County, Kentucky at 3233 Clarks River Road, Suite 5, Paducah, KY 42003. At all material times herein, Defendant

was an employer as defined by Section 2(2) of the LMRA; 29 U.S.C. § 152(2), and Section 3(5) of ERISA; 29 U.S.C. § 1002(5).  Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. § 1002(11); ERISA § 3(11), and 29 U.S.C. § 1002(12); ERISA § 3(12).

## RELEVANT FACTS

8. The Plumbers and Steamfitters Local 184 Supplemental Pension Plan was established by an Agreement and Declaration of Trust ("Pension Trust Agreement"), for the sole purpose of providing retirement and related benefits.  (Exhibit A, Pension Trust Agreement, Article III, Section 1(a), at p. 5).  The Pension Plan is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2) and is a "multi-employer plan" as defined by ERISA § 3(37) and 4001(a)(3); 29 U.S.C. § 1002(37).

9. The Pension Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5).  The "plan sponsor" of the Pension Plan, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Pension Plan Trustees.

10. The Pension Plan Trustees are vested with the authority to collect employer contributions due to the Pension Plan.  (Exhibit A, Pension Trust Agreement, Article IV, Section 1(a), (i), at pp. 6-7).  Pursuant to this authority, the Pension Plan Trustees adopted the "Plumbers and Steamfitters Local No. 184 Supplemental Pension Plan Collection Policy and Procedures" ("Pension Collection Policy").  (Exhibit B, Collection Policy).

11. The Plumbers and Steamfitters Local Union No. 184 Education and Training Trust Fund was established by an Agreement and Declaration of Trust ("Apprenticeship Trust Agreement"), for the sole purpose of providing education and training to apprentices in the

plumbers and pipefitters trade. (Exhibit C, Apprenticeship Trust Agreement, Section 2.2, at pp. 18-19). The Apprenticeship Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1) and is a "multi-employer plan" as defined by ERISA § 3(37) and 4001(a)(3); 29 U.S.C. § 1002(37).

12.     The Apprenticeship Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5). The "plan sponsor" of the Apprenticeship Fund, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Apprenticeship Fund Trustees.

13.     The Apprenticeship Fund Trustees are vested with the authority to collect employer contributions due to the Apprenticeship Fund. (Exhibit C, Apprenticeship Trust Agreement, Section 7.4, at p. 60).

14.     On or about July 22, 2015, Defendant, by and through its duly authorized agent, executed the "United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 and West Kentucky Construction Employers Association, Inc." collective bargaining agreement ("CBA"), thereby becoming a party to the terms of the CBA. (Exhibit D, CBA).

15.     As provided in Article III therein, the CBA automatically renews from year to year following its initial expiration on June 30, 2018. (Exhibit D, CBA, p. 5). Accordingly, the CBA remained in force after June 30, 2018 as a result of its automatic renewal.

16.     By executing the CBA, Defendant became obligated to remit contributions to the Pension Plan and Apprenticeship Fund with monthly reports of the hours worked by employees performing covered work. (Exhibit D, CBA, Section 5, at pp. 21-26).

17. By executing the CBA, Defendant became obligated to withhold working assessments from its employees' wages on behalf of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry Local Union 184 (the "Union"), the local union with whom Defendant had signed a CBA. Defendant was required to remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee. (Exhibit D, CBA, Section 4, at p. 21).

18. Despite having a contractual obligation to remit contributions and working assessments, with reports of hours worked, Defendant has refused or otherwise neglected to remit contributions and working assessments with reports of hours worked for the months of January 2019 through present day.

19. Because Defendant has failed to submit monthly reports of hours worked by covered employees for the months of January 2019 through the present day, Plaintiffs have no way of ascertaining the amount(s) Defendant owes in delinquent contributions, working assessments, liquidated damages, and interest for the months of January 2019 through the present day.

20. As a result of Defendant's conduct, Defendant is liable to Plaintiffs for delinquent contributions, working assessments, liquidated damages, and accruing interest in an amount yet to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I

### ERISA § 515, 29 U.S.C. § 1145
### Failure to Remit Contributions, Working Assessments and Reports

21. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

22. By executing the CBA, Defendant became obligated to comply with the terms of the CBA, Collection Policy, and the Plans' Trust Agreements. (Exhibit D, CBA).

23. Pursuant to the CBA and/or Collection Policy, Defendant is obligated to remit contributions due to the Pension Plan and Apprenticeship Fund with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was performed. (Exhibit D, CBA, Art. VI, Sec, 5, at pp. 21-26; Exhibit B, Pension Collection Policy, at p. 2).

24. Pursuant to the Trust Agreements, Defendant is required to remit contributions as delineated by the CBA. (Exhibit A, Pension Trust Agreement, Article V, Section 1(a), at pp. 8-9; Exhibit C, Apprenticeship Trust Agreement, Section 3.1, at p. 24).

25. Pursuant to the CBA, Defendant is obligated to withhold working assessments from its employees' wages on behalf of the Union and remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee. (Exhibit D, CBA, Art. VI, Sec. 4, at p. 21).

26. Despite having a contractual obligation, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of January 2019 through present day as required by the CBA, Trust Agreements, and Collection Policy.

27. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit contributions due to the Pension Plan and Apprenticeship Fund for the months of January 2019 through present day as required by the CBA, Trust Agreements, and/or Collection Policy.

28. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit working assessments due to the Union for the months of January 2019 through present day as required by the CBA.

29. As a result of Defendant's failure to report covered hours worked, Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, working assessments, liquidated damages, and interest for the months of January 2019 through the present day.

30. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Defendant is liable for delinquent contributions, liquidated damages, interest and attorneys' fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II

**LMRA § 301, 29 U.S.C. § 185**
**Breach of Contract and Failure to Remit Contributions, Working Assessments and Reports**

31. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

32. By executing the CBA, Defendant became obligated to comply with the terms of the CBA, Collection Policy, and the Plans' Trust Agreements. (Exhibit D, CBA).

33. Pursuant to the CBA and/or Collection Policy, Defendant is obligated to remit contributions due to the Pension Plan and Apprenticeship Fund with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was

performed.  (Exhibit D, CBA, Art. VI, Sec. 5, at pp. 21-26; Exhibit B, Pension Collection Policy, at p. 2).

34. Pursuant to the Trust Agreements, Defendant is required to remit contributions as delineated by the CBA.  (Exhibit A, Pension Trust Agreement, Article V, Section 1(a), at pp. 8-9; Exhibit C, Apprenticeship Trust Agreement, Section 3.1, at p. 24).

35. Pursuant to the CBA, Defendant is obligated to withhold working assessments from its employees' wages on behalf of the Union and remit such working assessments to the Union with a report indicating hours worked and gross earnings for each employee.  (Exhibit D, CBA, Art. VI, Sec. 4, at p. 21).

36. Despite having a contractual obligation, Defendant has refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of January 2019 through present day as required by the CBA, Trust Agreements, and Collection Policy.

37. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit contributions due to the Pension Plan, and Apprenticeship Fund for the months of January 2019 through present day as required by the CBA, Trust Agreements, and Collection Policy.

38. Despite having a contractual obligation, Defendant has refused or otherwise failed to remit working assessments due to the Union for the months of January 2019 through present day as required by the CBA.

39. As a result of Defendant's failure to report covered hours worked, Plaintiffs are unable to ascertain the amount(s) Defendant owes to Plaintiffs in delinquent contributions, working assessments, liquidated damages, and interest for the months of January 2019 through the present day.

40. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policy, and therefore Plaintiff is entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

### ERISA § 515, 29 U.S.C. § 1145
### Failure to Pay Liquidated Damages and Interest

41. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

42. By executing the CBA, Defendant became obligated to comply with the terms of the Pension Collection Policy. (Exhibit D, CBA). Pursuant to the Pension Collection Policy, contributions due to the Pension Plan, which are not received by the 25th day of the month following the month in which the work was performed are considered delinquent and are automatically assessed liquidated damages of 10% and interest accruing at 1% per month. (Exhibit B, Pension Collection Policy, at p. 2).

43. Defendant has failed or otherwise neglected to remit contributions for the months of January 2019 through present day and therefore the contributions are delinquent. As such, Plaintiffs are entitled to liquidated damages assessed at 10% and accrued and accruing interest as stated above from their respective due dates for the months of January 2019 until paid.

44. Additionally, Defendant remitted untimely contributions for months prior to January 2019, thereby incurring $2,904.25 in liquidated damages and interest owed to the Pension Plan.

45. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiff is entitled to liquidated damages pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV

### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Pay Liquidated Damages and Interest

46. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

47. By executing the CBA, Defendant became obligated to comply with the terms of the Pension Collection Policy. (Exhibit D, CBA). Pursuant to the Pension Collection Policy, contributions due to the Pension Plan, which are not received by the 25th day of the month following the month in which the work was performed are considered delinquent and are automatically assessed liquidated damages of 10% and interest accruing at 1% per month. (Exhibit B, Pension Collection Policy, at p. 2).

48. Defendant has failed or otherwise neglected to remit contributions for the months of January 2019 through present day and therefore the contributions are delinquent. As such, Plaintiffs are entitled to liquidated damages assessed at 10% and accrued and accruing interest as stated above from their respective due dates for the months of January 2019 until paid.

49. Additionally, Defendant remitted untimely contributions for months prior to January 2019, thereby incurring $2,904.25 in liquidated damages and interest owed to the Pension Plan.

50. Defendant's actions are in breach of the CBA and Collection Policy, and therefore Plaintiff is entitled to liquidated damages pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)
### Order Compelling Payroll Audit

51. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

52. By executing the CBA, Defendant became obligated to comply with the terms of the CBA and Collection Policy. (Exhibit D, CBA).

53. Pursuant to the Collection Policy, Trust Agreement, and governing case law, the Trustees of the Pension Plan, and Apprenticeship Fund have the authority to compel employers to submit to payroll audits. (Exhibit B, Pension Collection Policy, at pp. 1-2; Exhibit C, Apprenticeship Trust Agreement, Art. VIII, Sec. 8.1 at p. 65).

54. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Thus, Plaintiffs have no way of ascertaining the amount(s) owed in delinquent contributions, working assessments, liquidated damages, and interest.

55. Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

56. Under the Pension Collection Policy, Plaintiffs are entitled to recover the costs of the audit from Defendant. (Exhibit B, Pension Collection Policy, p. 1).

**WHEREFORE,** Plaintiffs demand the following relief:

A.  Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2019 through present day, in an amount to be determined;

B.  Judgment in favor of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions from their respective due dates for the months of January 2019 through present day, plus accrued liquidated damages and interest for work months prior to January 2019 in the amount of $2,904.25, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C.  Judgment in favor of Plaintiffs and against Defendant for unpaid working assessments owed by Defendant for the period of January 2019 through present day, in an amount to be determined;

D.  An Order compelling Defendant to submit all delinquent reports of hours worked for the period of January 2019 through present day, and Judgment in favor of Plaintiffs and against Defendant for the amounts shown due and owing in such reports;

E.  Alternatively, if Defendant refuses to provide said reports, Plaintiffs request an Order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, working assessments, liquidated damages, and interest in an amount to be determined;

F.  That this Court retain jurisdiction over this cause pending compliance with all Orders;

G.  Judgment for audit costs incurred in determining the amount of Plaintiffs' damages;

    H.    An award of reasonable attorneys' fees incurred in connection with this action as provided for by the Trust Agreements and ERISA § 502(g); 29 U.S.C. § 1132(g); and

    I.    Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132 (g), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated:    March 18, 2020

Respectfully submitted,

/s/ Jennie G. Arnold
Jennie G. Arnold
LEDBETTER PARISI LLC
5078 Wooster Road, Suite 400
Cincinnati, Ohio 45226
937-619-0900
937-619-0999 (fax)
*Counsel for Plaintiffs*